## THOMPSON *v.* JACOBS ET AL.

THE FIRST ANNUAL EXPENDITURE UPON MINING CLAIMS, required by the act of congress of May 10, 1872, to be made upon claims located prior to its passage, must be made after the passage of that act and prior to January 1, 1875.

APPEAL from the first district court. The opinion states the facts.

*Presly Denny* and *S. A. Kenner,* for the appellants, argued that where ten dollars' worth of work for each one hundred feet of the claim had been performed at the time of the passage of the act of May 10, 1872, such work was the first annual expenditure required by that act, and the claim was not subject to relocation until January 1, 1876.

*Marshall & Royle,* for the respondent.

EMERSON, J.:

The respondent brought ejectment against the appellants to recover a mining claim called by him the Forest Queen. By consent, the case was tried by the court without a jury.

Upon the findings of fact and conclusions of law, found and filed by the court, a judgment was entered in favor of the respondent, from which the appellants appeal, claiming that upon the facts found they are entitled to judgment.

The record in the case was not printed, but the briefs of counsel contain all the findings necessary for the purpose of this review, and are as follows :

1. That on the first day of January, 1875, Edward W. Thompson, the plaintiff, entered upon a piece of ground in the Lincoln mining district, in the county of Beaver and territory of Utah, and located the Forest Queen mine, the premises described and claimed by the plaintiff in his complaint, by erecting a monument of stake and stones at each corner of the location, and one at each end of the center line, and also a center monument, and placed on each a copy of the location notice, and marked each monument so as to indicate which or what monument it was; and within twenty days thereafter filed said notice for record in the office of the recorder of the Lincoln mining district, as required by the by-laws of said mining district.

7. That in each of the years 1880 and 1881 the defendants caused at least one hundred dollars' worth of assessment work to be done on the mine.

8. That upon the twenty-third day of March, 1871, the Grundy claim or lode was located.   That on the twenty-ninth day of May, 1871, the Hudson claim or lode was located; on the twenty-eight day of August, 1871, the Elizabeth claim or lode was located; and the location notices of these three claims or lodes were filed for record within the time and were in the terms required by the by-laws of the Lincoln mining district; and that said locations were valid.

9. That the Homestake mine includes within its limits and is a relocation of the Forest Queen, and the Forest Queen includes within its limits the Grundy, Hudson, and Elizabeth lodes or claims.

10. That upon the Elizabeth lode the work and labor required to be done in order to hold and secure a claim or lode by or under the by-laws of the Lincoln mining district within sixty days from and after the filing of the location notice for record—to wit, for each of two hundred feet there shall

be sunk a shaft or tunnel not less than two feet in depth; said shaft shall contain not less than twenty square feet surface measurement—was not done.

11. That within sixty days of the time of filing the location notices of the Grundy and Hudson lodes for record, the work and labor required to be performed thereon by the by-laws as aforesaid was done upon each of said lodes or claims, by the locators thereof, or their assignees.

12. That the labor performed and improvements made upon the Grundy by its locators or its assigns after the location thereof, and before the first day of January, 1875, were worth and were of the value of two hundred dollars.

13. That the labor performed and improvements made upon the Hudson by the locators thereof and their assigns, after the location thereof and before the first day of January, 1875, were worth and were of the value of one hundred and fifty dollars.

14. That the labor performed and improvements made on the Elizabeth claim by the locators thereof and their assigns, after the location thereof and before the first day of January, 1875, were of the value of fifty dollars.

15. That the Grundy, Hudson, and Elizabeth lodes or ledges were each of one thousand feet in length along the vein.

16. That there was not upon either the Grundy, Hudson, or Elizabeth lodes or ledges ten dollars' worth of labor performed or improvements made for each one hundred feet in length of said respective lodes or claims, after the tenth day of May, 1872, and before the first day of January, 1875, as required by section 2324 of the revised statutes of the United States (2d edition of 1878), and the act of congress approved June 6, 1874, entitled "An act to promote the development of the mining resources of the United States," passed May 10, 1872, and that the original locations of the Grundy, Hudson, and Elizabeth lodes, or their heirs, assigns, or legal representatives, did not on the first day of January, 1875, or at any time for several months prior thereto, do or try to do any work or labor upon either of said lodes or ledges.

17. That the discovery shaft and center monuments of both the Homestake and Forest Queen mines or locations were upon the Grundy claim.

The only question on this appeal is, whether work done on

a mining claim prior to May 10, 1872, can be considered as the first or any part of the first annual expenditure required by that act and the several amendments thereto. Prior to the act of May 10, 1872, there was no law of congress requiring annual labor to be done on mining claims in order to hold them. When, therefore, that act speaks of the amount of work to be performed or improvements made each year, it means each year from and after its passage.

By the several amendments of March 1, 1873, and June 6, 1874, the time for making the first annual expenditure under the act of May 10, 1872, was extended to January 1, 1875.

The required amount of expenditure in labor or improvements not having been expended on either of the three mining claims mentioned in the findings, at any time between the tenth day of May, 1872, and January 1, 1875, they became relocatable on the last-named day.

The judgment of the court below is affirmed.

HUNTER, C. J., and TWISS, J., concurred.